NEPOTISM LAW A legally adopted son or daughter is within the purview of the state nepotism laws. The Attorney General is in receipt of your letter wherein you ask, in effect, the following question: Does a legally adopted son or daughter come within the purview of the Oklahoma nepotism statutes? Title 21 O.S. 481 [21-481] to 21 O.S. 487 [21-487] (1971), the primary nepotism statute in the State of Oklahoma, provides in Section 21 O.S. 481 [21-481]: "It shall be unlawful for any executive, legislative, ministerial or judicial officer to appoint or vote for the appointment of any person related to him by affinity or consanguinity within the third degree, to any clerkship, office, position, employment or duty in any department of the State, district, county, city or municipal government of which such executive, legislative, ministerial or judicial officer is a member, when the salary, wages, pay or compensation of such appointee is to be paid out of the public funds or fees of such office. Provided, however, that for the purposes of this chapter, a divorce of husband and wife shall terminate all relationship by affinity that existed by reason of the marriage, regardless of whether the marriage has resulted in issue who are still living." It is clear that it would be a violation of Section 481 for an officer to appoint or vote for the appointment of a natural son or daughter since both would be related to the officer within the third degree of consanguinity or affinity. The question is whether an adopted son or daughter is related to their adoptive parents by consanguinity or affinity. The word "affinity" is defined in Webster's Unabridged Dictionary as follows: "Relationship by marriage between a husband and his wife's blood relations or between a wife and her husband's blood relations." Consanguinity is defined in Volume 12, Corpus Juris, at page 510, as follows: "Consanguinity or kindred is the connection or relation of persons descended from the same stock or common ancestor. . . ." Thus, a person related by consanguinity to another is related by blood. The adoption of a stepson, the wife's son by blood, by an officer would, therefore, prohibit the officer from appointing or voting for the appointment of the adopted son pursuant to Section 481 because of the relationship by affinity. A different question is presented where the adopted son or daughter is not related to either spouse by blood. Title 10 O.S. 60.16 [10-60.16] (1971) of the Uniform Adoption Act provides, in pertinent part: "(1) After the final decree of adoption is entered, the relation of parent and child and all the rights, duties and other legal consequences of the natural relation of child and parent shall thereafter exist between such adopted child and the adoptive parents adopting such child and the kindred of the adoptive parents . . . ." In providing that the legal consequences of the natural relation of child and parent shall exist between the adopted child and the adoptive parents, it is the apparent legislative intent that the laws of the state apply to such relationship as if the child were born in wedlock. While the prohibitions in the nepotism laws apply to relationships of blood or marriage, the Legislature, in the enactment of Section 10 O.S. 60.16 [10-60.16] supra, has effectively provided that an adopted son or daughter is subject to the application of those prohibitions as if he or she were the natural child of the affected officer. Although we have construed the provisions of 21 O.S. 481 [21-481] (1971), the same construction applies to all the state nepotism laws. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. A legally adopted son or daughter is within the purview of the state nepotism laws. (Mike D. Martin)